UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL C. REEPING, Minor Child DR by Next Friend Paul Reeping, and the Columbia High School Basketball Team Members,<br><br>    Plaintiffs,<br><br>    v.<br><br>NAMPA SCHOOL DISTRICT, Idaho; THE BOARD OF DIRECTORS OF THE NAMPA SCHOOL DISTRICT; WILL BARBER, Athletic Director, Nampa School District; TODD CODY, Athletic Director, Columbia High School, Nampa, Idaho; CINDY PASTA, Assistant Athletic Director, Skyview High School Nampa, Idaho; Idaho High School Activities Association (IHSAA); LORI ANDERSON and JEFF ANDERSON, individuals; John and Jane Does 1-10,<br><br>    Defendants. | Case No. 1:25-cv-00047-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Paul C. Reeping's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 2.

The Court, however, cannot reach the merits of Reeping's Motion at this time due to multiple problems with the structure of this suit and the Motion itself. First, Reeping cannot bring claims on behalf of anyone other than himself as a *pro se* litigant. For this reason, Plaintiffs DR and the Columbia High School Basketball Team must be dismissed.

MEMORANDUM DECISION AND ORDER – 1

As a result, Counts One, Two, Four, and Five of Reeping's Complaint must be dismissed as each related solely to DR. Second, as to the sole remaining claim in this case—Count Three—Reeping has not complied with the requirements of Federal Rule of Civil Procedure 65 regarding ex parte relief. Nor does his claim require action in an expeditious manner.

## II. BACKGROUND[1]

### A. FACTUAL BACKGROUND

Plaintiff Paul Reeping filed this case on behalf of himself, his minor son DR, and the Columbia High School Varsity Basketball team. DR is a sophomore at Columbia High School in Nampa, Idaho. On January 13, 2025, DR was informed he could no longer play varsity basketball at Columbia. Up to that point, DR had been a starting varsity point guard on the 2024-2025 team. Reeping claims Defendants provided no reason for DR's termination from the team at that time.

The next day, DR was called into the Columbia Athletic Director's office and told to sign a document. This document was the Idaho High School Activities Association's (IHSAA) Waiver of Transfer Rule form. Dkt. 1, at 30–31. DR was told his mother had already signed the waiver and that he needed to sign the waiver as well if he wanted to continue playing on the varsity basketball team.

It is not entirely clear from the record, but it appears Defendants sought this waiver because of an issue with DR's residence and where he had previously attended school. For

---

[1] At this stage, the Court only has Plaintiffs' version of the facts. The background information is, therefore, based on the Complaint and pending Motion. *See generally* Dkts. 1, 2.

MEMORANDUM DECISION AND ORDER – 2

context, the Court will briefly review that situation.

Reeping and Defendant Lori Anderson divorced in 2009 and share joint custody of their children, including DR. Reeping's residence falls within the Columbia High School attendance zone and many of DR's siblings attended Columbia. Reeping alleges that around 2019, Anderson enrolled DR (and his sister) in South Middle School. DR (and his sister) attended South Middle School and, eventually, Skyview High School. Critically, however, Reeping alleges Anderson does not live, nor has she ever lived, within the boundaries of Skyview's attendance zone. He postures that Anderson provided a false address so that DR (and his sister) could attend, and play sports at, schools in Skyview's zone. What's more, Reeping alleges Defendant Cindy Pasta was aware Anderson provided a false address for DR and his sister, but she turned a blind eye to the fraud so that Pasta's daughter and Anderson's daughter could play on the same team together. DR himself played basketball on Skyview's junior varsity team for the last two seasons. In the summer of 2024, however, DR was "recruited" to play on Columbia's varsity team. He transferred from Skyview to Columbia and intended to play varsity basketball for the 2024-2025 season.

The document DR was asked to sign on January 14, 2025, was a waiver that appears to certify that the signatory (in this case DR) did not transfer schools for "participation reasons" and further, that he agrees not to participate in varsity sports for one year from the date of transfer. Dkt. 1, at 30. Reeping does not explain in detail the ramifications of this document, but it appears to be the reason DR has been deemed ineligible to play

MEMORANDUM DECISION AND ORDER – 3

basketball at Columbia at this time.[2]

Reeping brings various causes of action under the Fourteenth Amendment, 42 U.S.C. § 1983, and the Idaho Constitution. *See generally* Dkt. 1, at 10–23. He also alleges Defendants coerced DR into signing the waiver (*id*. at 8) and that DR can ask for an injunction on behalf of the entire basketball team at Columbia (*id*. at 8)—although neither of those issues are presented as legal causes of action.

### B. PROCEDURAL BACKGROUND

Reeping filed suit on January 28, 2025. Dkt. 1. That same day, he filed a Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 2) and requested the Court issue summonses to all Defendants (Dkt. 3).

The case was randomly assigned to Senior District Judge B. Lynn Winmill. He recused himself. Dkt. 4. The case was then assigned to United States Magistrate Judge Deborah K. Grasham, but she had to recuse herself under *Williams v. King*, 875 F.3d 500 (9th Cir. 2017) because not all parties have appeared and consented to her jurisdiction. Dkt.5. The case was then reassigned to the undersigned.

### III. DISCUSSION

### A. REPRESENTATION

The threshold problem with this case is basic and fundamental: a non-attorney individual cannot represent another individual (or organization). Unless and until this

---

[2] The Court does not fully understand the role of the waiver in this case, and Reeping does not flesh the issue out. For example, the document is titled "Waiver of the Transfer Rule," which would seem to indicate that, by signing the document, the parties are waiving any conflict created by DR's transfer. Additionally, the Court is not sure what role, if any, the fact that DR now resides in his *correct* school zone plays in the effectiveness of the waiver. The Court expects an explanation to these questions as the case progresses.

MEMORANDUM DECISION AND ORDER – 4

problem is fixed, the Court must dismiss DR and the Columbia Basketball Team as Plaintiffs as well as all claims related to DR.

1. *Legal Standard*

Pursuant to 28 U.S.C. § 1654, a party may plead his or her "own case[]," or be represented "by counsel." A person cannot, however, bring a lawsuit on another person's behalf as doing so is akin to legal representation. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a non-lawyer "has no authority to appear as an attorney for others than himself").

2. *Analysis*

Reeping has listed himself as a Plaintiff in this case. Dkt. 1, at 4. That is fine. And he can represent himself if he so chooses. But, he has also listed "Minor DR by Next Friend Paul Reeping" and "Minor DR's Columbia Varsity Basketball Team Members" as Plaintiffs. *Id*. Reeping, however, *cannot* represent DR or the Columbia basketball team.

The Ninth Circuit recently noted that, while the rule that parents cannot represent minor children *pro se* is rigid and brings up questions about a child's access to justice, it is, nevertheless, the law in this circuit. *See generally, Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179 (9th Cir. 2024). The *Grizzell* Court explained its prior holding that explicitly held "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *accord AAA by Abdul-Alim v. Clark Cnty. Sch. Dist.*, No. 22-16935, 2024 WL 3292728, at *2 (9th Cir. July 3, 2024).

In *Johns*, the Ninth Circuit explained that it "goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys." 114 F.3d at 876 (cleaned up). The Circuit reiterated that its holding "necessarily followed from the more general rule that a non-lawyer has no authority to appear as an attorney for others than himself." *Grizzell*, 110 F.4th at 1179.

Thus, it is clear Reeping—as a *pro se* litigant—cannot represent DR.

That Reeping is trying to proceed as DR's "next friend" does not change this analysis. While Federal Rule of Civil Procedure Rule 17(c)(2) allows a parent or other person to sue on behalf of an infant or incompetent individual, it "does not authorize a non-attorney suing as next friend to proceed *pro se*. Rather, the general rule is that the next friend must retain counsel." *Lietz v. Drug Enf't Admin.*, 2022 WL 17362061, at *3 (D. Idaho Dec. 1, 2022). *See also Johns*, 114 F.3d at 877 (holding that even a parent appointed as guardian ad litem to their children may not sue without retaining a lawyer). For all these reasons, Reeping cannot represent DR.

Similarly, Reeping cannot represent the Columbia Basketball Team—as a group of individual plaintiffs[3] or as an organization.[4]

Accordingly, DR and the Columbia Basketball Team are dismissed as Plaintiffs in

---

[3] *See Singh v. City of Elk Grove*, 2024 WL 4729340, at *2 (E.D. Cal. Nov. 8, 2024) (explaining that, because a "pro se litigant cannot represent anyone other than himself," a pro se litigant cannot procced on claims against a "group[]" or its "members generally").

[4] "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council.*, 506 U.S. 194, 201-02 (1993). "[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202.

MEMORANDUM DECISION AND ORDER – 6

this case.

In light of this holding, the Court must next determine which claims Reeping brought on behalf of DR and which he has alleged on his own behalf. Then, the Court can determine whether ex parte relief is appropriate.

Count One of Reeping's Complaint outlines various civil rights violations committed by Defendants. But all references are to "DR's constitutional rights." Dkt. 1, at 10. None relate to Reeping himself. Because DR has been dismissed as a Plaintiff and because Reeping cannot allege this claim on behalf of DR, Count One is dismissed.

Count Two alleges the IHSAA violated "DR's due process rights." *Id*. at 14. Again, there are no allegations as to Reeping so he cannot bring this claim on DR's behalf. Count Two is dismissed.

Count Three *is* related to Reeping. He alleges Defendants violated his parental rights under the Fourteenth Amendment by not involving him in discussions prior to DR's termination from the team. *Id*. at 16. Reeping can bring this claim on his own behalf.

Count Four is, again, related to DR and the violations of his civil rights. Reeping cannot bring this claim on DR's behalf. Count Four is dismissed.

Count Five alleges violations of the Idaho Constitution. While reference to Reeping's parental rights is mentioned, the Court cannot allow the claim to proceed in the first instance, because, as it has recently explained, "[t]here is no direct cause of action for violations of the Idaho Constitution." *IRWS, LLC v. Elmore Cnty.,* 709 F. Supp. 3d 1158, 1168 (D. Idaho 2023). *See also, Dreyer v. Idaho Dep't of Health & Welfare*, 455 F. Supp. 3d 938, 944 (D. Idaho 2020) (explaining that "this question has been clearly decided in this

MEMORANDUM DECISION AND ORDER – 7

District. There is no direct cause of action for violations of the Idaho Constitution") (cleaned up). Count Five is, therefore, dismissed.

In sum, at this stage of the case, Reeping can only proceed on Claim Three—a Fourteenth Amendment claim for violations of his parental rights—and only on his own behalf.

The Court next turns to whether emergency relief is warranted as to this remaining claim.

### B. EX PARTE RELIEF

*1. Legal Standard*

Injunctions and restraining orders are governed by Federal Rule of Civil Procedure 65. A plaintiff seeking a preliminary injunction or a temporary restraining order ("TRO") must establish: "(1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (cleaned up) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

A key difference between a TRO and a preliminary injunction is its respective duration. A TRO is typically entered by the Court for a limited time, while a preliminary injunction may extend until the end of the lawsuit, which could be months, if not years. *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 n.1 (D. Or. 2018).

Under Rule 65(a), a preliminary injunction can be issued only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A TRO, on the other hand, can be issued with or

without notice to the adverse party. If a Plaintiff seeks issuance of the TRO without notice to the other side, he or she must show there are "specific facts" indicating "immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b). Federal Rule of Civil Procedure 65(b)(1)(B) also requires the movant certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

    2. *Analysis*

Before the Court can reach the traditional *Winter* factors and discuss whether Reeping can show a likelihood of success on the merits of his parental rights claim, it must evaluate the nature of Reeping's current request.

Reeping styled his Motion as an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 2, at 1. In other words, he did not indicate it should be viewed as an "ex parte" application under Rule 65(b).[5] Nevertheless, the first request in his Motion is for "immediate ex parte relief" including a conference with the Court and the immediate reinstatement of DR to the Columbia Basketball Team. *Id*. at 2. Setting aside the fact that DR and the Columbia Basketball Team are no longer a part of this case, this verbiage seems to indicate Reeping seeks the Court's intervention *without* waiting for any response from the Defendants. That said, Reeping's very next section explains he will immediately serve all the Defendants with his Complaint and Emergency Motion. *Id*.

In other words, Reeping has moved—at least in part—for relief that would not

---

[5] And he filed the document on the public record, so it has not been treated as ex parte from a clerical standpoint.

MEMORANDUM DECISION AND ORDER – 9

require the Court to wait for any response from Defendants, but he has simultaneously indicated Defendants will shortly know of the situation. More to the heart of Rule 65(b)(1)(B), Reeping has not persuasively argued why notice *should not* be required in this instance.

In like manner, Reeping has not provided specific facts under Rule 65(b)(1)(A) indicating an immediate and irreparable injury will occur sufficient to justify the Court's intervention without notice to Defendants.

For these reasons, the ex parte portion of Reeping's Motion cannot be granted at this time. He has not met the statutory requirements for that type of relief under Federal Rule of Civil Procedure 65 and the Court sees no reason to move forward without Defendants—especially when Reeping has informed Defendants of this lawsuit.

Additionally, because the sole cause of action left is Reeping's claim for a violation of parental rights, there is no need to undertake expedited relief. Whether or not a violation of Reeping's rights occurred can proceed through the normal channels of litigation. There is no reason to expedite anything at this stage because the resolution of that claim does not affect what is currently happening with DR and his status on the Columbia Basketball Team (which was the impetus for the expedited nature of Reeping's request).

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Plaintiff DR is DISMISSED as a Plaintiff from this case for lack of representation.

2. Plaintiffs Columbia Basketball Team Members are DISMISSED from this case

   for lack of representation.

3. Counts One, Two, Four, and Five, are DISMISSED.

4. Reeping's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 2) is DENIED.

5. The Clerk of the Court is directed to email this order to the email address Reeping has included on his filings. Reeping will still be required to file his paperwork physically at the Federal Courthouse. He cannot email anything to the Court. The Court, however, is taking this unusual step *this one time* to ensure Reeping has timely access to the Court's decision.

6. Reeping must immediately serve this Order on all Defendants (and his emergency motion if he has not already done so).

7. If the dismissed Plaintiffs wish to proceed and/or if the dismissed counts are to be repleaded, such can only occur via the representation of a licensed attorney under existing Ninth Circuit law.

DATED: January 30, 2025

_____
David C. Nye
Chief U.S. District Court Judge