UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL C. REEPING, Minor Child DR by Next Friend Paul Reeping; and the Columbia High School Basketball Team Members,<br><br>     Plaintiffs,<br><br>v.<br><br>NAMPA SCHOOL DISTRICT, Idaho; THE BOARD OF DIRECTORS OF THE NAMPA SCHOOL DISTRICT; WILL BARBER, Athletic Director, Nampa School District; TODD CODY, Athletic Director, Columbia High School, Nampa, Idaho; CINDY PASTA, Assistant Athletic Director, Skyview High School Nampa, Idaho; Idaho High School Activities Association (IHSAA); LORI ANDERSON and JEFF ANDERSON, individuals; John and Jane Does 1-10,<br><br>     Defendants. | Case No. 1:25-cv-00047-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants Lori and Jeff Andersons' Motion to Dismiss. Dkt. 27. Plaintiff Paul C. Reeping did not respond to the Motion despite the Court providing notice and an explanation of the process. Dkt. 28. Reeping has, however, filed numerous other motions that must be addressed.

Having reviewed the record and briefs, the Court finds the facts and legal arguments

are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Andersons' Motion to Dismiss. In light of this holding, the Court DENIES as MOOT Reeping's remaining Motions and CLOSES this case.

## II. BACKGROUND

On January 28, 2025, Reeping filed this case on behalf of himself, his minor son DR, and the Columbia High School Varsity Basketball team, alleging various civil rights violations under 42 U.S.C. § 1983. *See generally* Dkt. 1. To be brief, DR was removed from the Columbia Varsity Basketball team because of a situation regarding his residency. Reeping alleged Defendants did not provide DR, or himself, proper notice and procedural due process as it related to those proceedings and decisions.

Reeping filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction the same day as his Complaint. Dkt. 2.

On January 30, 2025, the Court issued an order denying Reeping's Emergency Motion. Dkt. 6. In that decision, the Court explained that there were numerous procedural problems with Reeping's complaint. Specifically, the Court explained that Reeping could not represent DR or the Columbia Basketball Team because he is not a licensed attorney. *Id*. at 4–6. Consistent with this holding, the Court dismissed DR and the Columbia Basketball Team as Plaintiffs. *Id*. at 6. And, considering that dismissal, the Court also dismissed all claims brought by Reeping on behalf of DR and the Columbia Basketball

Team. Having dismissed all those claims, the single remaining cause of action was one Reeping brought on his own behalf alleging the Defendants violated his parental rights under the Fourteenth Amendment. Dkt. 1, at 15–18.

Following the Court's order, Reeping filed numerous motions. First, on January 30, 2025, Reeping filed a motion requesting an order from the Court prohibiting the Defendants from "pressuring or coercing" DR to advocate for the Defendants' position. Dkt. 9. Then, on January 31, 2025, Reeping filed three motions: a Motion to Recognize Standing, a Motion for Reconsideration, and a Motion to Appoint Guardian ad Litem. Dkts. 13, 14, 15. On February 5, 2025, Reeping filed an Amended Motion to Appoint Guardian ad Litem. Dkt. 19.

The various Defendants then appeared in the case and began filing documents.

The largest group of Defendants—made up of the Nampa School District, the Board of Directors of the Nampa School District, Will Barbed, Todd Cody, and Cindy Pasta (the "NSD" Defendants)—filed a Motion to Dismiss for failure to state a claim. Dkt. 20. The Andersons then filed their Motion to Dismiss alleging they are not proper Defendants. Dkt. 26. The Court sent its standard notice to Reeping (in both instances) that a dispositive motion had been filed, and he was required to respond within 21 days. Dkts. 22, 28. The Court also warned Reeping that his failure to respond would likely result in the granting of the motion. *Id*. Reeping never responded to either motion to dismiss.

On March 11, 2025, the Court received Reeping and the NSD Defendants' Stipulation of Dismissal. Dkt. 34. On March 14, 2025, the Court received a similar stipulation from Reeping and Defendant Idaho High School Activities Association

("IHSAA"). Dkt. The Court entered judgment as to those Defendants on March 14 and March 19 respectively. Dkts. 36, 37. In light of the dismissal and judgment as to the NSD Defendants, the Court mooted their previously filed Motion to Dismiss. Dkt. 38.

### III. DISCUSSION

Having dismissed the NSD Defendants and the IHSAA, the only remaining Defendants in this case are the Andersons.[1]

In their Motion to Dismiss, the Andersons allege Reeping cannot bring his sole remaining claim—for a violation of his parental rights under the Fourteenth Amendment—against them because they are not government actors.

First, as noted, Reeping failed to respond to the Anderson's Motion despite having notice and a warning that his failure to respond would likely be deemed acquiesce to the Motion. Dkt. 28.

Second, even setting aside Reeping's failure to respond, the Andersons are correct on the merits of their motion.

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The United States Supreme Court has held that the substantive component in Section 1 of the Fourteenth Amendment "provides heightened protection against *government interference* with certain fundamental rights and liberty interests." *Washington v. Glucksberg,* 521 U.S.

---

[1] Reeping, like most Plaintiffs, included a number of "John Does" as Defendants in his Complaint. He has not sought to replace those unknown persons with identifiable Defendants.

702, 720 (1997) (emphasis added); see also *Reno v. Flores,* 507 U.S. 292, 301–02 (1993).[2]

There is no indication here that the Andersons—Reeping's ex-wife and her husband—are government actors or were acting under color of state law when interacting with DR and/or Reeping as part of DR's removal from the Columbia Varsity Basketball team.

In summary, because Reeping's Fourteenth Amendment constitutional claim is only actionable against state actors—and the Andersons are not state actors—the Andersons' Motion to Dismiss is GRANTED and they are dismissed as Defendants in this case.[3]

Having dismissed the NSD Defendants, IHSAA, and now the Andersons, no Defendants remain. As a result, the Court will deny Reeping's additional Motions as MOOT and close this case.[4]

## IV. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Defendants Lori and Jeff Andersons' Motion to Dismiss (Dkt. 26) is GRANTED, and they are dismissed from this suit.

2. Reeping's Motions (Dkts. 9, 13, 14, 15, 19) are DENIED AS MOOT.

---

[2] Similarly, the Civil Rights Act (42 U.S.C. § 1983) allows a person to sue state or local *government officials* who have violated their civil rights.

[3] The Andersons include a final line requesting the Court award their attorney fees and costs because Reeping's claims are frivolous. The Court cannot grant this request based on a single line without argument (or concrete monetary amounts). If the Andersons wish to pursue an award of fees and costs, they may file a separate motion with supporting argument and documentation.

[4] The Court notes Reeping's motions each fail on substantive grounds as well. First, the Court cannot grant the relief Reeping requests as part of Dkt. 9. Second, the Court will not revisit its prior determinations as to standing and representation as alluded to in Dkts. 13 and 14. Finally, the Court does not find sufficient reason to appoint a guardian ad litem in this case (Dkts. 15, 19).

3.  This case is CLOSED.

DATED: April 10, 2025

David C. Nye
Chief U.S. District Court Judge