UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL C. REEPING, Minor Child DR by Next Friend Paul Reeping; and the Columbia High School Basketball Team Members,<br><br>　　　Plaintiffs,<br><br>v.<br><br>NAMPA SCHOOL DISTRICT, Idaho; THE BOARD OF DIRECTORS OF THE NAMPA SCHOOL DISTRICT; WILL BARBER, Athletic Director, Nampa School District; TODD CODY, Athletic Director, Columbia High School, Nampa, Idaho; CINDY PASTA, Assistant Athletic Director, Skyview High School Nampa Idaho; Idaho High School Activities Association (IHSAA); LORI ANDERSON and JEFF ANDERSON, individuals; John and Jane Does 1-10,<br><br>　　　Defendants. | Case No. 1:25-cv-00047-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants Lori and Jeff Andersons' Motion for Attorney Fees. Dkt. 41. Plaintiff Paul Reeping responded in opposition. Dkt. 42. The Andersons did not reply.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral

argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

On January 28, 2025, Reeping filed this case on behalf of himself, his minor son DR, and the Columbia High School Varsity Basketball team, alleging various civil rights violations under 42 U.S.C. § 1983. *See generally* Dkt. 1. In short, DR was removed from the Columbia Varsity Basketball team because of a situation regarding his residency. Reeping alleged Defendants did not provide DR, or himself, proper notice and procedural due process as it related to those decisions.

Reeping filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction the same day as his Complaint. Dkt. 2.

On January 30, 2025, the Court issued an order denying Reeping's Emergency Motion. Dkt. 6. In that Decision, the Court explained there were numerous procedural problems with Reeping's Complaint. Specifically, the Court explained that Reeping could not represent DR or the Columbia Basketball Team because he is not a licensed attorney. *Id*. at 4–6. Consistent with that holding, the Court dismissed DR and the Columbia Basketball Team as Plaintiffs. *Id*. at 6. And, considering that dismissal, the Court also dismissed all claims brought by Reeping on behalf of DR and the Columbia Basketball Team. *Id*. Having dismissed all those claims, the single remaining cause of action was one Reeping brought on his own behalf alleging the Defendants violated his parental rights under the Fourteenth Amendment. Dkt. 1, at 15–18.

MEMORANDUM DECISION AND ORDER – 2

The Andersons then moved to dismiss Reeping's claim alleging they were not state actors nor were they acting under state law, meaning Reeping's Fourteenth Amendment Claims were not actionable as applied to them. Dkt. 27. As part of their motion, the Andersons also requested the Court award their attorneys' fees because Reeping pursued this case frivolously and without foundation. *Id*. at 3–4. The Court granted the Andersons' Motion to Dismiss but required additional briefing to decide the issue of attorney fees. Dkt. 39, at 5. The Defendants then filed the present Motion for Attorney Fees. Dkt. 41.

### III. LEGAL STANDARD

In general, each party to a lawsuit bears its own attorney fees unless Congress has provided otherwise through statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In any action to enforce a provision of 42 U.S.C. § 1983, the Court, in its discretion, may award the prevailing party their reasonable attorney fees as part of the costs. 42 U.S.C. § 1988(b).

"Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). The Ninth Circuit has determined that a prevailing civil rights *defendant* should be awarded attorney fees when the action brought is found to be "unreasonable, frivolous, meritless or vexatious." *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

### IV. DISCUSSION

The Andersons argue that Reeping's lawsuit against them for violations of his Fourteenth Amendment rights was "frivolous." Dkt. 41-3, at 2. They allege that due to the frivolous nature of Reeping's lawsuit, he should pay their attorney fees "to deter plaintiff

from any future frivolous conduct and abuse of the legal system." *Id*. In support of this claim, the Andersons rely on their previous motion to dismiss (Dkt. 26) where they argued that Reeping's Fourteenth Amendment claims were only actionable against state actors, and the subsequent grant of that motion by the Court. Dkt. 41-3, at 2.

As noted, attorneys' fees are to be awarded to the prevailing party in civil rights cases only in "exceptional circumstances." *Barry* 902 F.2d at 773. Exceptional circumstances are those deemed by the court to be "unreasonable, frivolous, meritless or vexatious." *Patton* at 857 F.2d 1379.

Here, the Court did determine that Reeping's allegations against the Andersons did not sufficiently rise to the level of any constitutional violations, as the Andersons were not government actors nor were they acting under color of state law. Dkt. 39, at 5. Insufficiency, however, is not the same as "frivolous, unreasonable, or without foundation." *Patton* at 857 F.2d 1379. That standard denotes an absence of reason or purpose. Reeping had reasons for bringing the types of claims that he did, but he may not have fully understood the parameters of a civil rights claim as applied to individual citizens. Reeping is, afterall, not an attorney and he was representing himself in this matter. Thus, the fact that the Court found Reeping could not proceed against the Andersons as a procedural matter and therefore, his claims did not rise to the level necessary to support a constitutional challenge, the Court cannot say his efforts were entirely frivolous or without merit. Additionally, the Andersons have not alleged facts other than the Court's grant of their Motion to Dismiss to support this theory that the litigation was wholly frivolous in nature.

Therefore, while Reeping's claims were insufficient to rise to the level of

constitutional violations against the Andersons, they were not so frivolous in nature as to require the Court to reimburse the Andersons' fees. Accordingly, the Court DENIES the Anderson's motion. Dkt. 41.

## V. CONCLUSION

The Court did not find sufficient factual basis to support Reeping's claim against the Andersons and granted summary judgment in their favor, but that does not automatically indicate the claims brought by Reeping were frivolous. The Court, therefore, denies the Andersons' Motion for Attorney fees.

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. The Andersons' Motion for Attorney Fees (Dkt. 41) is DENIED.

DATED: November 5, 2025

_____
David C. Nye
Chief U.S. District Court Judge